IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEREMIAH WIDDER, <br> JESSICA GOMEZ, and <br> AMANDA SMITHERS, <br><br> Plaintiffs, <br><br> v. <br><br> TEXAS A&M UNIVERSITY <br> CORPUS CHRISTI, <br><br> Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:11-CV-00282 |

### ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's motion for summary judgment. (D.E. 19.) United States Magistrate Judge Janice B. Ellington issued a memorandum and recommendation recommending that the Court grant Defendant's motion. Plaintiffs filed objections to the memorandum and recommendation. (D.E. 29.) Plaintiffs are entitled to a de novo disposition of those portions of the Magistrate Judge's memorandum and recommendation to which objections were raised. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Plaintiffs object that the Magistrate Judge did not view the evidence in the light most favorable to Plaintiffs as required by the Federal Rules of Civil Procedure. Courts, however, need not adopt self-serving statements by plaintiffs or accept a version of the facts that is wholly contradicted by the evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for

purposes of ruling on a motion for summary judgment."); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (conclusory allegations and unsubstantiated assertions are not competent summary judgment evidence); *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (concluding that party's self-serving statements were insufficient to overcome summary judgment, particularly when faced with overwhelming contradictory evidence). The Court concludes that the Magistrate Judge correctly applied the summary judgment standard as set forth in FED. R. CIV. P. 56. Plaintiffs' objection is overruled.

Plaintiffs object to the tone of the memorandum and recommendation, arguing that the Magistrate Judge portrays Plaintiffs negatively and improperly engages in credibility determinations on summary judgment. In particular, Plaintiffs object to the Magistrate Judge's reference to the Plaintiffs' performance evaluations, which rated them as average. Plaintiffs do not object to the accuracy of the Magistrate Judge's findings, only that the findings improperly suggest that Plaintiffs' credibility should be viewed with skepticism. The Court finds that the Magistrate Judge did not engage in improper credibility determinations. Plaintiffs' statements about their activities during their shift were contradicted by the audio recordings of the events that night. Such overwhelming contradictory evidence cannot be ignored. *See Carnaby*, 636 F.3d at 187 (concluding that a court need not rely on the plaintiffs' description of the facts where that description is discredited by videotape evidence). There is no indication that the Magistrate Judge relied on evidence of prior misconduct to discredit Plaintiffs' testimony. Rather, the evidence in the record was so contrary to Plaintiffs' version of events that no reasonable jury could have found in their favor. Plaintiffs' objection is overruled.

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs did not patrol the campus as required, but instead, stayed in the dispatch office all night talking, joking around, surfing the

internet, and watching a movie.  Plaintiffs' self-serving statements are contrary to the considerable evidence in the record.  Plaintiffs short patrol from 11:00 to 11:15 p.m. and their trips to the Stripes convenience store did not constitute "faithful, diligent and continuous patrol of all parts of his/her post" as required by the Texas A&M University Corpus Christi Police Department's policy handbook. (D.E. 19-4 at 3, 14.)  Plaintiffs' objection is overruled.

Plaintiffs object to the Magistrate Judge's statement that Plaintiffs failed to cite the specific laws or provisions under which they bring this action, arguing that this demonstrates the Magistrate Judge's negative view of the Plaintiffs' case.  The Court finds that the Magistrate Judge's consideration of the legal theories under which Plaintiffs' claims arise was an essential component of her analysis of Defendant's motion for summary judgment, not an indication of bias.  The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Without first identifying the controlling legal theories in this case, the Magistrate Judge could not conduct her analysis.  Plaintiffs' objection is overruled.

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs failed to produce sufficient evidence of a causal link, arguing that on summary judgment Plaintiffs were not required to produce any evidence of a causal link.  Plaintiffs misunderstand their burden on summary judgment and the Title VII burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).  Once Defendant pointed out a lack of evidence to support Plaintiffs' claims, the burden shifted to Plaintiffs to present sufficient evidence to establish a prima facie case of retaliation, requiring evidence of a causal link between the protected activity and the adverse employment action. *See Anderson*, 466 U.S. at 256–57; *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).  Plaintiffs failed to produce evidence sufficient to establish a genuine issue of material fact.  On the record before

the Court, no reasonable jury could find in Plaintiffs' favor, and therefore, summary judgment is appropriate. Plaintiffs' objection is overruled.

Plaintiffs object to the Magistrate Judge's finding that the period between the Plaintiffs' protected activity and their termination was four months. In September 2010, Plaintiffs encouraged a female officer to file a formal complaint against another officer who allegedly made some inappropriate comments to her. (D.E. 19-3 at 1–5.) According to the female officer, the matter was satisfactorily resolved by her supervisors at the campus police department, and she did not wish to make a formal complaint. (*Id.*) Plaintiff Widder continued to press the matter and encourage the female officer to file a formal complaint. (*Id.*) On October 14, 2010, Lieutenant Wright, the supervisor at the campus police department met separately with the officers involved in the incident. (D.E. 21-2.) Lieutenant Wright informed the officer that allegedly made the inappropriate comments that any similar comments in the future would be met with disciplinary action. (*Id.*) The female officer once again expressed that she was satisfied with the department's handling of the matter and declined to file a formal complaint. (*Id.*)

Plaintiffs assert that their protected activity continued until mid-October 2010. There is some evidence to support this assertion. (See preceding paragraph.) Plaintiffs, however, do not allege that any protected activity occurred after mid-October. Plaintiffs were terminated on or about January 14, 2011. (D.E. 19-3 at 40–46.) Whether there were three months or four months between the alleged protected activity and Plaintiffs' terminations makes little difference in the Court's analysis; either way, there is insufficient temporal proximity to establish causation. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("cases that accept mere temporal proximity . . . as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close' "); *Strong v. Univ. Healthcare Sys., L.L.C.*, 482

4

F.3d 802, 808 (5th Cir. 2007) ("to be persuasive evidence, temporal proximity must be very close"). Viewing the evidence in the light most favorable to Plaintiffs, the Court finds that there is insufficient evidence on which a reasonable jury could find a causal link. Plaintiffs' objection is overruled.

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' failure to perform their patrols and falsification of the police department's dispatch records constituted a legitimate, non-retaliatory reason for their discharge. Plaintiffs argue that they patrolled the campus in the same manner they did in the past and in the same manner as the other officers at the department. Plaintiffs argue that, during the night shift, it was common practice for officers to stay in the dispatch room most of the night and not perform patrols. Plaintiffs assert that they cannot be legitimately disciplined for behavior that was a common and accepted practice at the police department; therefore, they argue their terminations must have been retaliatory. Other than Plaintiffs' own self-serving statements, there is no evidence to support Plaintiffs' assertion that it was commonplace for officers on the night shift to not perform their patrols. The campus police department's regulations require on-duty officers to maintain "a faithful, diligent, and continuous patrol" of the campus. (D.E. 19-4 at 14.)   Moreover, Plaintiffs' objection ignores the fact that it was not their failure to patrol, but their falsification of the dispatch records to make it appear that they had, that resulted in their terminations. (D.E. 19-3 at 40–47.)   Plaintiffs' actions were undeniably contrary to the police department's rules, customs, and policies and constituted a legitimate, non-retaliatory reason for their terminations. Plaintiffs' objection is overruled.

Plaintiffs object that the Magistrate Judge relied too heavily on the audio recording. Plaintiffs do not, however, contest the accuracy of the audio recording or the Magistrate Judge's finding that it demonstrates Plaintiffs spent most of the evening in the dispatch office. Rather,

5

Plaintiffs argue that the Magistrate Judge failed to give sufficient weight to evidence demonstrating that it was a common and accepted practice for officers at the campus police department to spend most of the night shift in the dispatch office instead of patrolling the campus. As previously noted, Plaintiffs were terminated for falsifying departmental records, not for failing to perform their patrols. While Plaintiffs' failure to perform their patrols constituted a violation of departmental rules, the police department considered Plaintiffs' untruthfulness and falsification of records a more serious offense warranting termination. (D.E. 19-4 at 49–58.) While Plaintiffs presented evidence that officers would sometimes go out on patrols and then forget to call them in until they arrived back at the police station, there was no evidence that officers at the campus police department would routinely not perform their patrols and then falsify departmental records. Therefore, the Court finds that the Magistrate Judge properly considered the audio recording, along with the other evidence in the record, and that after considering all the summary judgment evidence, the Magistrate Judge correctly concluded that no reasonable jury could find that it was a common and accepted practice for officers to spend most of the night shift in the dispatch office and then falsify departmental records to make it appear as if they had been patrolling the campus. Plaintiffs' objection is overruled.

  Plaintiffs object that the Magistrate Judge engaged in impermissible speculation about what could have happened if a crime had been committed on campus that night, arguing that this demonstrates she improperly viewed the evidence in the light most favorable to Defendant. The Court disagrees. Plaintiffs' objection is overruled.

  Having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, the Court adopts as its own the findings and conclusions of the Magistrate Judge. Defendant's motion for summary judgment

(D.E. 19) is **GRANTED**.  Defendant is entitled to the entry of judgment in its favor on all claims.

      **ORDERED** this 29th day of August 2012.

*(signature)*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**